Bradley K. Moores (SBN: 193995)
brad@bradleymoores.com
6811 Alvarado Rd. 20
San Diego, CA 92120
(619) 742-8612
Attorney for Plaintiff,
MEETINGTV INC.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

MEETINGTV INC.,

Plaintiff,

v.

KOI SECURITY INC.; KOI SECURITY LTD.; AMIT ASSARAF; IDAN DARDIKMAN; TUVAL ADMONI; GAL HACHAMOV; PALO ALTO NETWORKS, INC.; and DOES 1 – 25, Inclusive,

Defendants.

Case No.: 3:26-cv-01705-AJB-MMP

**PLAINTIFF'S SUMMARY OF AMENDMENTS IN FIRST AMENDED COMPLAINT**

Plaintiff MeetingTV, Inc. respectfully submits this Summary of Amendments in support of its First Amended Complaint ("FAC"). The FAC refines, clarifies, and supplements the allegations in the original Complaint in response to issues raised by Defendants and to further conform the pleadings to the evidence.

### I.   Clarification of Factual Allegations

The FAC provides additional detail regarding the falsity of Defendants' statements, including:

///

///

1

- Expanded allegations regarding the non-existence of the purported "Twitter X Video Downloader" extension and its role as the central "pivot" in Defendants' attribution theory;

- Additional technical detail demonstrating that Plaintiff's infrastructure, domains, and software are legitimate and not connected to any malware or espionage campaign;

- Clarification of the internal inconsistencies in Defendants' report and subsequent "update."

## II.    Expanded Allegations of Reckless Disregard and Actual Malice

The FAC adds specific factual allegations demonstrating Defendants' knowledge of falsity or reckless disregard for the truth, including:

- Defendants' failure to perform basic verification steps standard in cybersecurity research;

- Defendants' reliance on AI-generated correlations without adequate human validation;

- Defendants' failure to contact Plaintiff prior to publication;

- Defendants' inadequate and misleading post-publication corrections.

## III.    Commercial Speech and Anti-SLAPP Clarifications

The FAC strengthens allegations that the DarkSpectre Report constitutes commercial speech by:

- Detailing Defendants' systematic use of similar reports as marketing and lead-generation tools;

- Expanding allegations regarding embedded sales messaging and integration with Defendants' revenue-generating activities;

- Clarifying the applicability of the commercial speech exemption under Cal. Code Civ. Proc. § 425.17(c).

3:26-cv-01705-AJB-MMP

**IV.    Jurisdictional Enhancements**

The FAC includes additional allegations supporting personal jurisdiction in this District, including:

- Expanded facts demonstrating Defendants' California-based operations, personnel, and revenue-generating activities;

- Additional allegations supporting a unified enterprise theory between Koi Security Inc. and Koi Security Ltd.;

- Clarification of Defendants' express aiming of conduct at California under *Calder v. Jones*.

**V.    Palo Alto Networks Allegations**

The FAC adds and clarifies allegations regarding additional named Defendant Palo Alto Networks, Inc., including:

- Independent liability based on Palo Alto's continued publication and dissemination of false "Malware" and "Command-and-Control" classifications after actual notice;

- Successor liability arising from Palo Alto's acquisition of Koi and continuation of its business operations;

- Clarification that Palo Alto's conduct constitutes separate actionable republication.

**VI.    Refinement of Causes of Action**

The FAC refines the causes of action to improve clarity and alignment with the underlying facts, including:

- Clearer separation of Defendants' respective conduct;

- Additional detail supporting elements of defamation, trade libel, and false advertising;

- Enhanced allegations of causation and damages resulting from Defendants' conduct.

*///*

3:26-cv-01705-AJB-MMP

## VII.    No Undue Prejudice or Delay

The amendments are made in good faith, at an early stage of the proceedings, and do not unduly prejudice Defendants. The FAC primarily clarifies and supplements existing allegations rather than introducing entirely new theories.

Dated: May 12, 2026

Respectfully Submitted,

/s/ Bradley K. Moores
BRADLEY K. MOORES
Attorney for Plaintiff,
MEETINGTV INC.
E-mail: brad@bradleymoores.com

4

3:26-cv-01705-AJB-MMP