Bradley K. Moores (SBN: 193995)
brad@bradleymoores.com
6811 Alvarado Rd. 20
San Diego, CA 92120
(619) 742-8612
Attorney for Plaintiff,
MEETINGTV INC.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MEETINGTV INC.,<br><br>                          Plaintiff,<br><br>v.<br><br>KOI SECURITY INC.; KOI SECURITY LTD.; AMIT ASSARAF; IDAN DARDIKMAN; TUVAL ADMONI; GAL HACHAMOV; PALO ALTO NETWORKS, INC.; and DOES 1 – 25, Inclusive,<br><br>                          Defendants. | Case No.: 3:26-cv-01705-AJB-MMP<br><br>**PLAINTIFF MEETINGTV INC.'S EX PARTE APPLICATION FOR ORDER AUTHORIZING ALTERNATIVE SERVICE OF SUMMONS AND FIRST AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 4(f)(3), 4(h)(2), AND 4(e); MEMORANDUM OF POINTS AND AUTHORITIES** |

Plaintiff MeetingTV, Inc. ("Plaintiff" or "MeetingTV"), by and through its undersigned counsel, respectfully applies *ex parte* to the Court for an order authorizing alternative service of the Summons and First Amended Complaint ("FAC") upon all Defendants pursuant to Federal Rules of Civil Procedure 4(f)(3) and 4(h)(2) (as to the foreign Defendants) and 4(e) (as to the domestic Defendants). This application is made pursuant to Civil Local Rule 7.1(h) and is supported by the attached Memorandum of Points and Authorities, the Declaration of Michael Robertson, and all other papers and records on file in this action.

///

1

Dated: May 28, 2026

Respectfully Submitted,

/s/ Bradley K. Moores
BRADLEY K. MOORES
Attorney for Plaintiff,
MEETINGTV INC.
E-mail: brad@bradleymoores.com

3:26-cv-01705-AJB-MMP

## <u>MEMORANDUM OF POINTS AND AUTHORITIES</u>

### I.    INTRODUCTION

This action arises from Defendants' publication and dissemination of a false cybersecurity threat intelligence report and associated indicators of compromise ("IOCs") that falsely associated Plaintiff with malware operations and criminal cyber activity, causing substantial and ongoing harm to Plaintiff's business operations and reputation.

Plaintiff has already provided actual notice of this action and the FAC to Defendants through direct email communications and through counsel actively involved in this litigation. Plaintiff additionally transmitted formal requests for waiver of service pursuant to Rule 4(d) to Defendants using their known and actively used business email addresses. Despite actual notice, formal service through traditional procedures (including Hague Convention service on the Israeli Defendants) would impose significant delay and expense while serving no meaningful due process purpose.

Accordingly, Plaintiff seeks leave to serve all Defendants by electronic mail pursuant to Rules 4(f)(3), 4(h)(2), and 4(e).

### II.    FACTUAL BACKGROUND

On May 22, 2026, Plaintiff transmitted via email to Defendant Amit Assaraf (CEO of both Koi Security Inc. and Koi Security Ltd.) at his active business email address amit@koi.ai the following: (1) a formal Request for Waiver of Service of Summons pursuant to Rule 4(d); (2) a copy of the FAC; and (3) Form AO 399 (Waiver of the Service of Summons). The email expressly informed Mr. Assaraf that timely return of the waiver would afford Defendants 60 days to respond to the FAC. (Declaration of Michael Robertson ("Robertson Decl."), ¶ 3, Ex. A.)

Plaintiff and Defendants have previously communicated successfully via email regarding the very subject matter of this action.  After Plaintiff notified Defendants of material inaccuracies in the DarkSpectre Report, Defendant Amit Assaraf responded from amit@koi.ai, confirming that Koi had "checked this internally" and would "fix this asap internally." (FAC ¶ 76 & Exhibit F.) This prior exchange confirms that the

3:26-cv-01705-AJB-MMP

identified email addresses are actively used and monitored by Defendants in connection with the claims asserted herein.

Plaintiff has identified the following active business email addresses associated with Defendants:

- Amit Assaraf (CEO, Koi Security Inc. and Koi Security Ltd.): amit@koi.ai
- Idan Dardikman (CTO, Koi Security Inc. and Koi Security Ltd.) idan@koi.ai
- Tuval Admoni (Koi Security Inc. and Koi Security Ltd.) tuval@koi.ai
- Gal Hachamov (Koi Security Inc. and Koi Security Ltd.) gal@koi.ai

Defendants operate a public website (www.koi.ai), publish detailed cybersecurity research reports, and maintain active marketing and sales funnels that rely on email communications. Defendant Koi Security Inc. has already appeared through counsel and filed a Motion to Dismiss and Anti-SLAPP Motion (Dkt. No. 11), confirming actual knowledge of the litigation. (Robertson Decl. ¶ 4.)

## III.    LEGAL STANDARD

Federal Rule of Civil Procedure 4(f)(3) authorizes service upon individuals in a foreign country "by other means not prohibited by international agreement, as the court orders." Rule 4(h)(2) extends this authority to foreign corporations. The Ninth Circuit has held that Rule 4(f)(3) is "neither a last resort nor extraordinary relief," and district courts possess broad discretion to authorize alternative service where it is reasonably calculated to provide notice and comports with due process. *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1015–16 (9th Cir. 2002).

For domestic defendants, Rule 4(e) permits service pursuant to the law of the forum state or by court order. Service by email satisfies due process when it is "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action." *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950).

///

///

3:26-cv-01705-AJB-MMP

Federal Rule of Civil Procedure Rule 4(f)(3) provides:

> Serving an Individual in a Foreign Country. Unless federal law provides otherwise, an individual—other than a minor, an incompetent person, or a person whose waiver has been filed—may be served at a place not within any judicial district of the United States: . . . (3) by other means not prohibited by international agreement, as the court orders.

Federal Rule of Civil Procedure 4(f)(3) authorizes service on foreign defendants "by other means not prohibited by international agreement, as the court orders." Rule 4(f)(3) is "neither a last resort nor extraordinary relief." *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1015 (9th Cir. 2002). Rather, Rule 4(f)(3) "stands independently" from other methods of service under Rule 4(f). *Ibid*. Court-directed service under Rule 4(f)(3) is appropriate where:

1) the method of service is not prohibited by international agreement; and

2) the method comports with constitutional notions of due process by being reasonably calculated to provide notice and an opportunity to respond.

*Id*. at 1016–17. *Rio Props. v. Rio Int'l Interlink*, 284 F.3d 1007, at 1015 (9th Cir. 2002) states:

> By all indications, court-directed service under Rule 4(f)(3) is as favored as service available under Rule 4(f)(1) **4** or Rule 4(f)(2). *See Forum Fin. Group, LLC v. President & Fellows*, 199 F.R.D. 22, 23-24 (D. Me. 2001). Indeed, Rule 4(f)(3) is one of three separately numbered subsections in Rule 4(f), and each subsection is separated from the one previous merely by the simple conjunction "or." Rule 4(f)(3) is not subsumed within or in any way dominated by Rule 4(f)'s other subsections; it stands independently, on equal footing. Moreover, no language in Rules 4(f)(1) or 4(f)(2) indicates their primacy, and certainly Rule 4(f)(3) includes no qualifiers or limitations which indicate its availability only after attempting service of process by other means. [¶] The advisory committee notes ("advisory notes") bolster our analysis. Beyond stating that service ordered under Rule 4(f)(3) must comport with constitutional notions of due process and must not be prohibited by international agreement, the advisory notes indicate the availability of alternate service of process under Rule 4(f)(3) without first attempting service by other means. Specifically, the advisory notes suggest

3:26-cv-01705-AJB-MMP

that in cases of "urgency," Rule 4(f)(3) may allow the district court to order a "special method of service," even if other methods of service remain incomplete or unattempted. [¶] Thus, examining the language and structure of Rule 4(f) and the accompanying advisory committee notes, we are left with the inevitable conclusion that service of process under Rule 4(f)(3) is neither a "last resort" nor" extraordinary relief." *Forum Fin. Group*, 199 F.R.D. at 23. It is merely one means among several which enables service of process on an international defendant.

*Rio Props. v. Rio Int'l Interlink*, 284 F.3d 1007, at 1016 (9th Cir. 2002), states further in relevant part:

Applying this proper construction of Rule 4(f)(3) and its predecessor, trial courts have authorized a wide variety of alternative methods of service including publication, ordinary mail, mail to the defendant's last known address, delivery to the defendant's attorney, telex, and most recently, email. *See SEC v. Tome*, 833 F.2d 1086, 1094 (2d Cir. 1987) (condoning service of process by publication in the *Int'l Herald Tribune)*; *Smith v. Islamic Emirate*, 2001 U.S. Dist. LEXIS 21712, at *5-13, Nos. 01 Civ. 10132, 01 Civ. 10144 (S.D.N.Y. Dec. 26, 2001) (authorizing service of process on terrorism impresario Osama bin Laden and al-Qaeda by publication); *Levin v. Ruby Trading Corp.*, 248 F. Supp. 537, 541-44 (S.D.N.Y. 1965) (employing service by ordinary mail); *Int'l Controls Corp. v. Vesco*, 593 F.2d 166, 176-78 (2d Cir. 1979) (approving service by mail to last known address); *Forum Fin. Group*, 199 F.R.D. at 23-24 (authorizing service to defendant's attorney); *New Eng. Merchs. Nat'l Bank v. Iran Power Generation & Transmission Co.*, 495 F. Supp. 73, 80 (S.D.N.Y. 1980) (allowing [**13] service by telex for Iranian defendants); *Broadfoot v. Diaz (In re Int'l Telemedia Assoc.)*, 245 B.R. 713, 719-20 (Bankr. N.D. Ga. 2000) (authorizing service via email). [¶] . . . RIO need not have attempted every permissible means of service of process before petitioning the court for alternative relief. Instead, RIO needed only to demonstrate that the facts and circumstances of the present case necessitated the district court's intervention. Thus, when RIO presented the district court with its inability to serve an elusive international defendant, striving to evade service of process, the district court properly exercised its discretionary powers to craft alternate means of service. We expressly agree with the district court's handling of this case and its use of Rule 4(f)(3) to ensure the smooth functioning of our courts of law.

///

3:26-cv-01705-AJB-MMP

## IV.    ARGUMENT

### A. Defendants Already Possess Actual Notice of This Litigation

The Defendants unquestionably possess actual notice. Plaintiff and Defendants have engaged in direct substantive email communications regarding the DarkSpectre Report (the very subject of this action). In addition, Defendant Koi Security Inc. is actively litigating this matter through counsel, including the filing of a Motion to Dismiss and Anti-SLAPP motion. Under these circumstances, service by electronic mail is not only reasonably calculated to provide notice—it is the method most likely to apprise Defendants of the pendency of this action. *Rio Props., supra.*, 284 F.3d at 1017.

### B. Service by Electronic Mail Is Not Prohibited by International Agreement

The foreign Defendants are located in Israel. Israel does not prohibit service by email under the Hague Convention. Numerous federal courts have authorized email service upon defendants located in Hague Convention signatory countries where the Convention does not expressly prohibit the proposed method. Because email service is not prohibited by applicable international agreement, Rule 4(f)(3) expressly authorizes this Court to permit such service.

The requested service is not prohibited by international agreement. Although Israel is a signatory to the Hague Convention, courts within the Ninth Circuit have repeatedly held that Rule 4(f)(3) permits email service where the Hague Convention does not expressly prohibit the requested means of service (*Rio Properties, Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1014 (9th Cir. 2002)).

Nothing in the Hague Convention expressly prohibits service by electronic mail under the circumstances presented here, a reality Ninth Circuit courts have explicitly applied to authorize email service on defendants residing in Israel (*Williams-Sonoma Inc. v. Friendfinder, Inc.*, No. C 06-06572 JSW, 2007 U.S. Dist. LEXIS 31299, at *4-6 (N.D. Cal. Apr. 17, 2007)) [concluding that email service on defendants in Israel is not prohibited by international agreement and granting motion under Rule 4(f)(3)]; *see also, Water Splash, Inc. v. Menon*, 581 U.S. 271 (2017).)

3:26-cv-01705-AJB-MMP

### C. Alternative Service Is Necessary to Prevent Delay and Prejudice

Traditional Hague Convention service would substantially delay this already-active litigation while imposing unnecessary expense. This case is actively contested: Defendants have actual notice, are represented by counsel, and have already participated in litigation-related activities. Further delay would prejudice Plaintiff by prolonging ongoing reputational and operational harms. Authorizing email service will promote judicial efficiency, reduce unnecessary expense, and ensure prompt advancement of this matter on the merits.

### D. Proposed Method of Service

Plaintiff requests authorization to serve the Summons and FAC by transmitting the documents via electronic mail to the known active business email addresses identified in the accompanying Declaration, including amit@koi.ai and any additional addresses for the remaining Defendants identified therein.

### V. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court grant this *ex parte* Application and enter an order:

1) Authorizing service of the Summons and FAC upon all Defendants by electronic mail to the identified business email addresses;

2) Deeming such service complete upon transmission (or confirmed receipt, if the Court prefers); and

3) Setting the response deadline at 60 days from the date of email service, consistent with the Rule 4(d) waiver request.

A proposed order is submitted herewith.

///

///

///

3:26-cv-01705-AJB-MMP

Dated: June 5, 2026

Respectfully Submitted,

/s/ Bradley K. Moores
BRADLEY K. MOORES
Attorney for Plaintiff,
MEETINGTV INC.
E-mail: brad@bradleymoores.com

3:26-cv-01705-AJB-MMP