UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MEETINGTV, INC.,<br><br>                              Plaintiff,<br><br>v.<br><br>KOI SECURITY INC., et al.,<br><br>                              Defendants. | Case No.:  26-cv-01705-AJB-MMP<br><br>**ORDER DENYING EX PARTE APPLICATION FOR ORDER AUTHORIZING ALTERNATIVE SERVICE OF SUMMONS AND FIRST AMENDED COMPLAINT**<br><br>(Doc. No. 28) |

Before the Court is Plaintiff MeetingTV, Inc.'s, ("MeetingTV") *Ex Parte* Application for Order Authorizing Alternative Service of Summons and First Amended Complaint ("Application"). (Doc. No. 28.) The Court finds that a hearing is not necessary to resolve the Application. J. Battaglia Civ. Case Proc. § V.C.

For the following reasons, MeetingTV's Application is **DENIED**.

## I.      BACKGROUND

On March 18, 2026, MeetingTV initiated this action against Defendants Koi Security Inc. ("Koi US"), Koi Security Ltd. ("Koi Israel"), Amit Assaraf, Idan Dardikman, Tuval Admoni, Gal Hachamov, and Does 1–10.[1] (Doc. No. 1.) Based on the information before the Court, MeetingTV proceeded to serve only Koi US. (*See* Doc. No. 3; *see also* Doc. No. 11 at 17, 20 & n.2.)[2]

On May 13, 2026, after Koi US moved to dismiss the initial complaint (Doc. No. 11), MeetingTV filed a First Amended Complaint that added Palo Alto Networks, Inc. ("PANW") and Does 11–25 as Defendants (Doc. No. 23). The Court issued summonses the same day. (Doc. No. 24.) MeetingTV attempted to effect service on PANW through PANW's counsel, who also represents Koi US. (Doc. No. 28-2 ¶ 4; *see also id.* at 4, 6.) MeetingTV also attempted to effect service on Koi Israel, Assaraf, Dardikman, Admoni, and Hachamov through Koi US's counsel. (Doc. No. 28-2 ¶ 4; *see also id.* at 4, 6.) It does not appear that MeetingTV has attempted any other means of service on these Defendants. (*See generally* Doc. Nos. 28; 32.)

On June 5, 2026, MeetingTV filed the present Application. (Doc. No. 28.) In the Application, MeetingTV seeks an order authorizing MeetingTV "to serve all Defendants by electronic mail pursuant to Rule 4(f)(3), 4(h)(2), and 4(e)." (*Id.* at 3.)

Koi US and PANW oppose MeetingTV's request. (Doc. Nos. 29; 30.)

## II.     LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 4(h)(2), a foreign corporation must be served "in any manner prescribed by Rule 4(f) for serving an individual, except personal delivery under (f)(2)(C)(i)." Rule 4(f)(3) authorizes service "by other means not prohibited

---

[1]      The Court will refer to an individual Defendant by their surname or a defined term as appropriate. The Court will refer to groupings of Defendants as "Defendants."

[2]      Page citations refer to the pagination generated by the Case Management/Electronic Case Files system.

by international agreement, as the court orders." A plaintiff seeking alternative service pursuant to Rule 4(f)(3) must "demonstrate that the facts and circumstances of the present case necessitate[] the district court's intervention." *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1016 (9th Cir. 2002). Nevertheless, "service of process under Rule 4(f)(3) is neither a 'last resort' nor 'extraordinary relief.'" *Id.* at 1015 (quoting *Forum Fin. Group, LLC v. President & Fellows*, 199 F.R.D. 22, 23 (D. Me. 2001)). The Ninth Circuit "commit[s] to the sound discretion of the district court the task of determining when the particularities and necessities of a given case require alternate service of process under Rule 4(f)(3)." *Id.* at 1016.

## III.   DISCUSSION

### A.   The Court addresses only service of process on the Foreign Defendants.

The Court first delineates the scope of its review.

In the Application, MeetingTV "seeks leave to serve all Defendants by electronic mail pursuant to Rule 4(f)(3), 4(h)(2), and 4(e)." (Doc. No. 28 at 3.) MeetingTV goes on to lay out that Rule 4(e) applies to "domestic defendants" and that Rule 4(f)(3) and 4(h)(2) apply to "individuals in a foreign country" and "foreign corporations." (*Id.* at 4.) However, MeetingTV does not identify which of the Defendants are domestic and which of the Defendants are foreign. (*See generally id.*)

Based on the information before the Court, it appears that Koi US and PANW are the only domestic defendants. (Doc. Nos. 11 at 20 ("Koi [US] . . . is Koi [Israel's] U.S. commercial and distribution subsidiary.") (citations omitted); 23 ¶ 41 ("California-based Palo Alto").) Meanwhile, Koi Israel, Assaraf, Dardikman, Admoni, and Hachamov are foreign defendants based in Israel. (Doc. No. 29-1 ¶ 3.) The Court will collectively identify Koi Israel, Assaraf, Dardikman, Admoni, and Hachamov as the "Foreign Defendants."

In their opposition, counsel for Koi US and PANW have indicated that PANW has agreed to accept service through counsel. (Doc. Nos. 29 at 10; 29-1 ¶ 8; 29-4.)

MeetingTV's reply narrows the scope of its request to the Foreign Defendants and concedes that the issue of service on Koi US and PANW is moot. (Doc. No. 32 at 2.)

26-cv-01705-AJB-MMP

Given these circumstances, the Court addresses only the narrower request to authorize email service on the Foreign Defendants.

**B.      MeetingTV does not demonstrate that Court intervention is required.**

Turning to the merits, MeetingTV seeks to serve the Foreign Defendants by emailing the summons and First Amended Complaint to amit@koi.ai, idan@koi.ai, tuval@koi.ai, and gal@koi.ai. (Doc. Nos. 28 at 8; 28-1 ¶ 5.) In support of the Application, MeetingTV asserts that "[t]raditional Hague [Service] Convention[3] service would substantially delay this already-active litigation while imposing unnecessary expense" and that "[f]urther delay would prejudice [MeetingTV] by prolonging ongoing reputational and operational harms." (Doc. No. 28 at 8.) MeetingTV adds that email service is not expressly prohibited by the Hague Service Convention. (*Id.* at 7 (citing *Williams-Sonoma Inc. v. Friendfinder, Inc.*, No. C 06-06572 JSW, 2007 WL 1140639, at *2 (N.D. Cal. Apr. 17, 2007); *Water Splash, Inc. v. Menon*, 581 U.S. 271 (2017)).)

Koi US raises four points in opposition, which PANW joins. (Doc. Nos. 29 at 6–9; 30.) First, Koi US contends that *ex parte* relief is not warranted because any service-related delay in this litigation has been caused by MeetingTV. (Doc. No. 29 at 6.) Second, Koi US claims that the Hague Service Convention does not permit email service. (*Id.* at 7.) Third, Koi US argues that the present circumstances do not warrant a Court order for alternative service. (*Id.* at 8–9.) Fourth, Koi US asserts that the fact that the Defendants may have actual notice of the action does not excuse MeetingTV's obligation to serve the Defendants. (*Id.* at 9.)

MeetingTV's arguments are unpersuasive. Again, to invoke alternative service under Rule 4(f)(3), a plaintiff must "demonstrate that the facts and circumstances of the present case necessitate[] the district court's intervention." *Rio Props.*, 284 F.3d at 1016.

MeetingTV does not clear this bar.

---

[3]      Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil and Commercial Matters, Nov. 15, 1965 ("Hague Service Convention"), 20 U.S.T. 361, T.I.A.S. No. 6638.

First, MeetingTV's complaints about prejudicial delay ring hollow. MeetingTV initiated this action on March 18, 2026. (Doc. No. 1.) However, MeetingTV does not offer any evidence that it ever attempted to effectuate service of the initial complaint on any of the Foreign Defendants. (*See generally* Doc. Nos. 28; 32.) Instead, MeetingTV indicates that its founder and principal emailed requests for waiver of service of summons of the First Amended Complaint to Assaraf, Dardikman, Admoni, and Hachamov on May 22, 2026—65 days later. (Doc. No. 28-1 ¶ 3.)[4] Any delay in service here thus appears to be attributable to MeetingTV.

Second, MeetingTV's concerns about the expenses related to traditional Hague Service Convention service are unpersuasive. As the Ninth Circuit explained in *Rio Properties*, "Rule 4(f)(3) is an equal means of effecting service of process under the Federal Rules of Civil Procedure." 284 F.3d at 1016. If the costs of effecting service pursuant to Rule 4(f)(1) and the Hague Service Convention were sufficient to justify alternative service under Rule 4(f)(3), then Rule 4(f)(1) would become a meaningless, *unequal* means of effecting service. *Cf. Rio Props.*, 284 F.3d at 1016. After all, what plaintiff would seek to effect service through traditional means that entail some cost when he or she could effect service by email for free?

Third, MeetingTV makes no effort to demonstrate that Court intervention is required. *Rio Properties* concluded that judicial intervention and alternative service under Rule 4(f)(3) were appropriate where a plaintiff was faced with "an inability to serve an elusive international defendant, striving to evade service of process." *Id.* Here, there is no evidence that the Foreign Defendants are elusive or that they have been striving to evade

---

[4] The Court notes that MeetingTV's emails appear to misrepresent the Federal Rules of Civil Procedure. For instance, MeetingTV indicates that a defendant will have "60 days from the date this request was sent" to file a response. (*See, e.g.*, Doc. No. 28-1 at 5.) Rule 4(d)(3), however, provides defendants outside of any judicial district of the United States 90 days to respond. MeetingTV also indicates that it "will seek to recover the costs of formal service . . . as authorized by Rule 4(d)(2)." (*See, e.g.*, Doc. No. 28-1 at 5.) But Rule 4(d)(2) expressly states that it applies to "defendant[s] located within the United States."

26-cv-01705-AJB-MMP

service of process. (*See generally* Doc. Nos. 28; 32.) Although MeetingTV makes much of its attempt to effectuate service on the Foreign Defendants through Koi US's counsel (*see, e.g.*, Doc. Nos. 28 at 3; 28-2 ¶¶ 4–5), it is not clear that Koi US's counsel also represents any of the Foreign Defendants or, if so, that any of the Foreign Defendants have authorized counsel to accept service on their behalf. Regardless, the Court has no basis to conclude that intervention and alternative service is needed.

Fourth, the Court is not convinced that email service is "reasonably calculated, under all circumstances, to apprise interested parties of the pendency of the action." *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950). MeetingTV contends that it has "previously communicated successfully via email [with Defendants] regarding the very subject matter of this action." (Doc. No. 28 at 3.) But one of MeetingTV's accompanying declarations alters this contention to state that MeetingTV's founder has communicated by email with only Assaraf and Dardikman. (Doc. No. 28-1 ¶ 6.) Even then, the evidence before the Court indicates that only Assaraf has replied to MeetingTV's founder. (*See, e.g.*, Doc. No. 23 at 102, 138, 149–50.) There is no evidence that Dardikman, Admoni, or Hachamov ever responded to the emails. Thus, MeetingTV's broad assertion that it has "communicated successfully via email" with the Foreign Defendants is misleading. Furthermore, MeetingTV's contention that "none of the foreign defendants has denied receiving Plaintiff's communications, disputed the validity of the identified email addresses, or suggested that email is not a reliable means of communication" puts the cart before the horse. (Doc. No. 32 at 3.) It is unreasonable to expect a defendant to do any of those things when it is unclear whether the defendant even received an email to which to respond. Without more, it does not appear that email service would be sufficient to comply with the requirements of due process. *Mullane*, 339 U.S. at 314.

Accordingly, the Court **FINDS** that judicial intervention is not required for MeetingTV to effect service on Koi Israel, Assaraf, Dardikman, Admoni, or Hachamov.

26-cv-01705-AJB-MMP

## IV. CONCLUSION

For the foregoing reasons, the Court **VACATES** the hearing scheduled for June 29, 2026, and **DENIES** MeetingTV's Application.

**IT IS SO ORDERED**.

Dated:  June 23, 2026

Hon. Anthony J. Battaglia
United States District Judge

7

26-cv-01705-AJB-MMP